IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ADONIS LaRAY McKISIC,<br><br>    Plaintiff,<br><br>v.<br><br>THEODORE JACKSON, PAUL HOWARD, Jr., HENRY NEWKIRK, CATHELENE "TINA" ROBINSON, and MONIQUE WALKER,<br><br>    Defendants. | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983<br><br><br>CIVIL ACTION FILE NO.<br>1:17-cv-01310-TWT-JKL |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

Plaintiff, an pretrial detainee at the Fulton County Jail in Atlanta, Georgia, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.[1] [Doc. 1.] He has not paid the filing fee, but has filed a financial affidavit, which the Court construes as a motion to proceed *in forma pauperis*. [Doc. 2.] This matter is now before the Court for an initial screening under 28 U.S.C. § 1915A.

---

[1] Plaintiff's complaint was originally filed in 1:17-cv-773-TWT-JKL, wherein Plaintiff had filed a document initially construed as a petition for habeas corpus relief. Because both the original and amended petitions sought money damages as relief, Plaintiff was directed to either amend his petition again or submit a § 1983 complaint. When Plaintiff submitted both, the undersigned directed the Clerk's office to open this case to address Plaintiff's § 1983 claims separate from his habeas petition.

## I.   STANDARD OF REVIEW

The Court is required to screen "as soon as practicable" a prisoner complaint that "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). However, the Court must dismiss a prisoner complaint that is either (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy those requirements, or fails to provide supporting factual allegations, then the complaint is subject to dismissal for failure to state a claim. *See Bell v. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that a complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 681-84 (2009) (holding that *Twombly* "expounded the pleading standard for 'all civil actions,'" to wit, conclusory

allegations that "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible'"); *Papason v. Allain*, 478 U.S. 265, 286 (1986) (accepting as true only plaintiff's factual contentions, but not his or her legal conclusions couched as factual allegations); *Beck v. Interstate Brands Corp.*, 953 F.2d 1275, 1276 (11th Cir. 1992) (per curiam) (noting that courts are "not permitted to read into the complaint facts that are not there").

## II.   FACTUAL ALLEGATIONS[2]

In his Complaint, Plaintiff names as Defendants the following individuals: Fulton County Sheriff Theodore Jackson, Fulton County District Attorney Paul Howard, Jr., Fulton County Judge Henry Newkirk, Fulton County Clerk Cathelene "Tina" Robinson, and his public defender, Monique Walker. Plaintiff complains that his constitutional rights have been violated because: (1) the Fulton County Jail and Superior Court have received his motion to be released from custody, but have not released him; (2) he has submitted a performance bond, but has not been released on bond; (3) the jail mailroom has not delivered a birth certificate to him;

---

[2] The factual allegations are taken from Plaintiff's complaint and are presumed true for the purposes of § 1915A screening. *See Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2001).

(4) the Superior Court has committed fraud by sending him to trial against his will and by not acting on his claims that the arresting officer committed crimes against him; (5) he has been placed on a floor with 35 inmates who are charged with murder and they are "trying to torture" him; and (6) his attorney, Monique Walker, has not reported the fraudulent activity taking place in the Fulton County Superior Court by Judge Newkirk.

### III. DISCUSSION

#### A. Parties Not Subject to Suit

Plaintiff may not pursue claims against Defendants Paul Howard, Jr., Judge Henry Newkirk, or Monique Walker in this action. Prosecutors enjoy absolute immunity from suit under § 1983 when they function as a prosecutor in judicial proceedings, including filing criminal charges, initiating and prosecuting a criminal case, participating in court hearings, and seeking warrants. *Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009). In short, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as advocate of the State, are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

It is clear from the complaint that Plaintiff's allegations against Defendant Howard do not extend beyond his role as an advocate for the State of Georgia in

pursuing a criminal prosecution against Plaintiff.  Accordingly, Defendant Howard is immune from suit and all claims against him should be **DISMISSED.**

Similarly, Judge Newkirk is immune from suit under § 1983.  "Judges are entitled to absolute immunity from civil liability under section 1983 for acts performed in their judicial capacity, provided such acts are not done in the 'clear absence of all jurisdiction.'"  *Scruggs v. Lee*, 256 F. App'x 229, 233 (11th Cir. 2007) (quoting *Stump v. Parkman*, 435 U.S. 349, 357 (1978)).  Other than conclusory statements that the Fulton County Court has not released him or has sent him to trial against his will, Plaintiff does not provide any allegations that would connect Judge Newkirk to any action that violated Plaintiff's rights, let alone any actions done in the "clear absence of all jurisdiction."  All claims against Judge Newkirk should also be **DISMISSED**.

Lastly, because public defenders do not act "under color of state law," claims against them are not cognizable under 42 U.S.C. § 1983.  *See Polk Cty. v. Dodson*, 454 U.S. 312, 318 (1981); *see also Pearson v. Myles*, No. 05-15961, 2006 WL 1818716, at *1 (11th Cir. July 5, 2006) (court-appointed defense counsel not a state actor subject to liability under § 1983); *Barr v. Gee*, 437 F. App'x 865, 875 (11th Cir. 2011) ("State public defenders do not act under color of state law, even when appointed by officers of the courts.") (citing *Wahl v. McIver*, 773 F.2d 1169,

1173 (11th Cir. 1985)). Accordingly, all claims against Defendant Monique Walker should be **DISMISSED**.

### B. Sheriff Theodore Jackson

Plaintiff's complaint contains no allegations against Sheriff Jackson that suggest his personal involvement with any constitutional violations. While Plaintiff states that the jail mailroom has failed to deliver a birth certificate to him and that he is being housed with 35 inmates who are "trying to torture" him, Plaintiff does not allege that Sheriff Jackson participated in these actions or that he was even aware of them.[3] To the extent that Plaintiff seeks to hold Sheriff Jackson liable as a supervisor of other jail officials, the undersigned notes that "[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (quoting *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999)). Rather, a supervisory official is "only liable under § 1983 for the unconstitutional acts of his subordinates if he personally participated in the allegedly unconstitutional conduct,

---

[3] Plaintiff's allegations do not amount to constitutional violations. While knowingly allowing Plaintiff to be tortured by other inmates could constitute a constitutional violation, Plaintiff does not state that he has been tortured or that he has suffered any harm.

6

or his actions were causally connected to the alleged constitutional deprivation." *Campbell v. Johnson*, 586 F.3d 835, 840 (11th Cir. 2009) (citing *West v. Tillman*, 496 F.3d 1321, 1328 (11th Cir. 2007) (per curiam)).

> A causal connection may be shown by evidence of (1) a custom or policy that results in deliberate indifference to constitutional rights, (2) facts that support an inference that the supervisor[] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so, or (3) a history of widespread abuse that notified the supervisor of the need to correct the alleged deprivation, but he failed to do so.

*Id*. (citing *Tillman*, 496 F.3d at 1328-29). Plaintiff's allegations do not support an inference that any actions of Sheriff Jackson are causally connected to the alleged constitutional deprivations. Accordingly, all claims against Sheriff Jackson should also be **DISMISSED.**

### C.   Cathelene "Tina" Robinson

Lastly, Plaintiff has failed to make any allegations against Defendant Robinson. Neither she nor the clerk's office is mentioned in Plaintiff's factual allegations. Therefore, she should also be **DISMISSED** from this lawsuit.

### IV.   CONCLUSION

As set forth above, Plaintiff has failed to state a colorable claim against any of the named Defendants to this lawsuit. Accordingly, the undersigned recommends that this case be **DISMISSED**. Plaintiff's motion to proceed *in forma*

*pauperis* is **GRANTED** for the purpose of dismissal only.  [Doc. 2.]  The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**SO ORDERED AND RECOMMENDED** this 18th day of April, 2017.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE